REQUESTED BY: John A. Gale
Nebraska Secretary of State
Article III, § 12 of the Nebraska Constitution was added to that document as the result of Initiative Measure #415 which was adopted by the people of Nebraska in 2000. Article III, § 12 establishes term limits for members of the Nebraska Legislature, and provides as follows:
 (1) No person shall be eligible to serve as a member of the Legislature for four years next after the expiration of two consecutive terms regardless of the district represented.
 (2) Service prior to January 1, 2001, as a member of the Legislature shall not be counted for the purpose of calculating consecutive terms in subsection (1) of this section.
 (3) For the purpose of this section, service in office for more than one-half of a term shall be deemed service for a term.
In your opinion request letter, you note that your office has been called upon in several instances subsequent to the passage of Initiative #415 to rule on the eligibility of *Page 2 
members of the Nebraska Legislature to run for an additional legislative term where those legislators were previously appointed or elected to fill partial legislative terms. More specifically, there have been several occasions since 2000 when you were required to apply the rule set out in art. Ill, § 12 (3) to specific fact situations in order to determine if a particular senator was eligible to file election papers to run for an additional term in the Legislature. You also note that in making such determinations, your office has developed a process or methodology for assessing how the provisions of art. Ill, § 12 (3) impact a legislator who has served a partial legislative term. You now believe that this office may have taken a position regarding the application of art. Ill, § 12 (3) which differs from methodology developed by your office. To avoid any potential conflict or confusion regarding that constitutional provision, you have, therefore, requested our opinion regarding application of the rule in art. Ill, § 12 (3) to the eligibility of a specific member of the Legislature to run for an additional legislative term. The legislator in question is Senator Tony Fulton. The primary legal issue which must be resolved in connection with your opinion request concerns the meaning of "one half of a term" as it is set out in art. Ill, § 12 (3).
The methodology developed by your office for determining how art. Ill, § 12 (3) impacts a legislative officeholder who has served a partial legislative term involves several steps. First, you determine the length of the original term which was partially filled by the legislator in question. In that regard, the normal term of office for a state senator is measured from the first Wednesday after the first Monday in the year after he or she is elected until the first Wednesday after the first Monday four years hence. SeeState ex rel. Johnson v. Gale,273 Neb. 889, 734 N.W.2d 290 (2007). That rule presumably is based upon two provisions of the Nebraska Constitution: art. Ill, § 7 which provides that members of the Legislature "shall be elected for a term of four years," and art. Ill, § 10 which provides that regular sessions of the Nebraska Legislature shall be held annually on the first Wednesday after the first Monday in January of each year.[1] A specific example from your opinion request letter involving Senator Douglas Cunningham and Legislative District No. 40 illustrates how the first step of your process works. Senator Cunningham was elected to the Legislature in 2000, and replaced a legislator whose original term was from 1-6-99 to 1-8-03. Under your methodology, the length of that original term was four years and two days.
After determining the length of the original term at issue, you review the service dates for the legislator who was appointed or elected to a partial term to replace the original senator. Based upon those dates, you calculate the number of days in the replacement legislator's partial term. If that number is more than the number of days in the original term divided by two, then the partial term counts as a full term for purposes of legislative term limits. If it is less than the number of days in the original term divided by two, it does not. In your example involving District No 40, the original term of the *Page 3 
legislator replaced by Senator Cunningham was four years and two days, and that number, divided by two, is two years and one day. Senator Cunningham was elected to fill a partial term in 2000, and served from 1-3-01 to 1-8-03, [2] a period of two years and five days. Therefore, you determined that Senator Cunningham's service during the partial term from 2001 to 2003 counted as service for a full term under art. Ill, § 12 (3), and you concluded that Senator Cunningham could only serve one additional legislative term. Consequently, your methodology under art. Ill, § 12 (3) determines what constitutes "one-half of a term" based upon a mathematical calculation from the number of days contained in the original term itself. Whether a partial term exceeds one-half of that number is determined by counting the number of days in the partial term.
While your methodology for determining what constitutes "one-half of a term" for purposes of art. Ill, § 12 (3) offers one possible way to implement the constitutional provision at issue, we believe that there is at least one additional way to implement that constitutional provision based simply upon the beginning dates of annual legislative sessions.
As you noted in your opinion request letter, the length of a term for a Nebraska state senator appears to be "fixed by law." As discussed above, the normal term of office for a senator is measured based upon the beginning dates of annual legislative sessions rather than upon any mathematical calculation of days, i.e., senators do not serve for four calendar years, or for 1460 days, notwithstanding the direct language in art. Ill, § 7 creating a "term of four years." As a result, senators typically serve a term which is either less than or more than four years. Since a legislative term itself is measured by session commencement dates rather than by counting days, it seems to us that it would be both consistent and logical to measure one-half of a legislative term or a term's mid-point in a similar fashion, based upon the beginning dates for annual legislative sessions instead of by counting days. Under such an analysis, the midpoint of a senator's usual term would be that date in January when the Legislature convenes under art. Ill, § 10 which is two years after the start of the senator's term. At that point, the legislator would begin his or her third year in office, and the second half of his or her term. Under that approach, one-half of a term would be measured based upon the session starting dates established under art. Ill, § 10, rather than upon a mathematical calculation of the number of days contained in the original term and the partial term.
The answer to the question of which approach should be used to determine what constitutes one-half of a legislative term is not clear. There is only one Nebraska case which considers the parameters of art. Ill, § 12, and that case offers little guidance in determining what constitutes one-half of a legislative term. InState ex rel. Johnson v. Gale,273 Neb. 889, 734 N.W.2d 290 (2007), the court considered the constitutionality of the term limits provisions set out in art. Ill, § 12 in the context of various federal constitutional challenges. Ultimately, the court held that art. Ill, § 12 is constitutional. In *Page 4 
reaching that conclusion, the court applied the term limits language of art. Ill, § 12 to the specific situations involving three legislators who were the subject of the lawsuit:
 Byars and Price were elected in 1998. That term began on January 6, 1999, and expired January 8, 2003, so they served more than half of their 1998 term on or after January 1, 2001. Under subsection (3), therefore, their 1998 term counted as their first consecutive term after January 1, 2001, and their reelection in 2002 counted as their second consecutive term. Thus, Gale properly determined they were disqualified from seeking a third consecutive term in 2006. Chambers' 1996 term began on January 8, 1997, and expired January 3, 2001, so he served only 2 days of that term on or after January 1, 2001, meaning that under subsection (3), his 1996 term did not count as one of his consecutive terms. Chambers' 2000 term therefore counted as his first consecutive term, and his 2004 term counted as his second consecutive term. Applying § 12 in a straightforward manner disqualifies Chambers from seeking a third consecutive term in 2008. Subsection (3) did not, and does not, operate to disqualify any incumbent legislator at the midway point of a second term.
Id. at 905, 734 N.W.2d at 304 (Emphasis added). In its discussion regarding Senators Byars, Price and Chambers, the court obviously concluded that the length of a four-year legislative term is measured by the beginning dates for legislative sessions set out in art. Ill, § 10 of the Nebraska Constitution rather than upon any calendar year or mathematical calculation of what constitutes four years. Apart from that, the court did not focus on what constitutes "one-half of a term" under art. Ill, § 12.
We have also found little authority from other jurisdictions which focuses on the precise issue at hand. There is an opinion from the Colorado Attorney General which indicates that one-half of a four-year legislative term of office for a state senator under Colorado's constitutional provision regarding term limits is measured by when a legislator takes the oath of office on or before the first day of the third legislative term being completed. Op. Att'y Gen. No. 05-7 (Colo. October 18, 2005). While that opinion seems to provide some support for the second approach discussed above, that opinion is of limited applicability in the present case because of different language in the Colorado Constitution. Nevertheless, the Colorado Attorney General does set out the two methods of computing the half-way point in a legislative term discussed above, and notes some of the problems inherent with the mathematical/counting approach, such as the fact that two legislators can be treated differently for purposes of term limits based solely upon the dates that particular legislative sessions convene.
Ultimately, we believe that the better approach in this case is to consider the beginning day of the legislative session in the third year of a state senator's term as the half-way point in a legislative term. Consequently, when a legislator begins the third year of his or her four year term on the first Wednesday after the first Monday in January, he or she has begun the second half of that term. And, a new legislator *Page 5 
appointed or elected to fill an unexpired term for such a senator who begins service on that date in January would serve "one-half of a term." It seems to us that such an approach is consistent with the practice of measuring the length of a legislative term based upon session commencement dates rather than calendar years or counting days. It also seems to us that such an approach is simpler, and avoids the situation where one senator is treated differently than another solely for the reason that their partial terms of office began on different calendar dates associated with different legislative commencement dates.[3] Such an approach is also consistent with the presumption in favor of eligibility for public office, and the principle that constitutional provisions pertaining to eligibility for public office should be construed to preserve eligibility. 63C Am. Jur. 2d Public Officers andEmployees § 53 (2011). Finally, we do not believe that such an approach is inconsistent with the plain language of the constitutional provision at issue, Nebraska cases, or the intent underlying the term limits amendment to the Nebraska Constitution.
Therefore, in our view, a new legislator appointed or elected to fill an unexpired term for a previous senator who begins service on the first day of a legislative session in January of the third year of the original senator's term will serve "one-half of a term." Giving the language of art. Ill, § 12 (3) its most natural and obvious meaning, the newly appointed or elected legislator would not have served more than one-half of a term under those circumstances, and as a result, that individual would be eligible to serve two additional four-year terms without violating the requirements of legislative term limits. On the other hand, a new senator who begins legislative service prior to that mid-term session date in January, even if by one day, would servemore than one-half of a term, and the partial term would qualify as a full term for purposes of art. Ill, § 12 (3).
With respect to the specific senator who precipitated your opinion request, we understand that Senator Fulton initially took office on January 3, 2007, the first date of the 2007 legislative session. Senator Fulton was appointed to complete the original term of former Senator Mike Foley which ran from January 5, 2005 to January 7 of 2009. For the reasons discussed above, we believe that Senator Fulton served one-half of Senator Foley's term from January 3, 2007 to January 7, 2009. As a result, Senator Fulton's service during that period was not more than one-half of a legislative term, and in our view, it did not count as a full legislative term under art. Ill, § 12 (3) of the Nebraska Constitution. For that reason, Senator Fulton was and is eligible to run for *Page 6 
two additional terms in the Nebraska Legislature subsequent to his partial term served from 2007 to 2009.
Sincerely,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
 Approved by: ___________________________ Attorney General
[1] Neb. Rev. Stat. § 32-566 (2008), which pertains to how vacancies in legislative office are filled, also speaks to the expiration of legislative terms on "the first Tuesday following the first Monday in the following January."
[2] Those dates represent the first day of the legislative sessions in 2001 and 2003.
[3] In the examples set out in your request letter, two senators served partial legislative terms where the length of the original term, measured by counting days, was four years and two days. Both of those senators were elected to fill the partial term, and both began their service on the first day of the legislative session at the mid-point of the original term. However, the partial term counted as a full term for one senator but did not for the other solely because of the calendar dates for commencing their respective mid-term legislative sessions.